

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2014

# In Re: James Platts

Precedential or Non-Precedential: Non-Precedential

Docket No. 14-1411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"In Re: James Platts" (2014). *2014 Decisions.* Paper 705.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/705

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-296                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1411
_____

IN RE:  JAMES C. PLATTS,
                                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 2-14-cv-00036)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 3, 2014
Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  July 11, 2014)
_____

OPINION
_____

PER CURIAM

Pro se petitioner James Platts has filed a petition for writ of mandamus pursuant to

28 U.S.C. § 1651 seeking an order compelling the District Court to docket a complaint he

filed against the United States alleging that it engaged in unauthorized collection actions.

Our review of the District Court's docket reveals that Platts's civil action has, in fact,

been docketed (and subsequently dismissed due to Platts's refusal either to pay the filing

fee or file a motion to proceed in forma pauperis).  See W.D. Pa. Civ. A. No. 14-cv-0036.

Therefore, Platts's mandamus petition seeking to compel the District Court to docket the

action is moot,[1] and we will deny it accordingly.

---

[1] To the extent that Platts asks us to order the District Court to hold an evidentiary hearing, we will deny the request because Platts's right to a hearing is not "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam) (quotation marks omitted).